CELLULOID MANUF'G CO. v. AMERICAN ZYLONITE Co. and others.[1]

*(Circuit Court, S. D. New York. July 27, 1886.)*

1. PATENTS FOR INVENTIONS—REHEARING DENIED.
   On motion for rehearing, the former opinion (26 Fed. Rep. 692) reiterated, and a rehearing denied.

2. SAME—INVENTION.
   The prior decision proceeded upon the belief by the court that the process of the patent in suit (No. 156,353, of October 27, 1874, to John W. and Isaiah Hyatt, for an improvement in the manufacture of celluloid) produced a marked and beneficial change in the character of the product, and that the change was so great there must necessarily have been a material modification of the pre-existing process.

3. SAME—INVENTION.
   Where the history of the improvement demonstrated that for nearly 20 years inventive skill of no ordinary character, and of different persons, had been most earnest and persevering in the effort to produce such improvement, the patentability of the improvement when produced cannot be doubted.

In Equity.
*Horace M. Ruggles* and *Benjamin F. Thurston,* for the petition.
*Frederic H. Betts,* against the petition.

SHIPMAN, J. This is a petition for a rehearing of the above-entitled cause, which was decided in March last. *Celluloid Manuf'g Co.* v. *American Zylonite Co.,* 26 Fed. Rep. 692. The defendants desire to reargue the question of patentability and infringement. I endeavored, in my previous opinion, to state clearly the history of the art, and the effect which the improvement of the Hyatts had upon the character of celluloid, because the question of patentability depends materially upon the position of the art at the date of the invention, and upon the result of the new method of manufacture. It was truly said by the senior counsel for the defendants, upon the argument of this application, that the prior decision proceeded upon the belief, on the part of the court, that the process of the patent in suit produced a marked and beneficial change in the character of the product, and that the change was so great that there must necessarily have been a material modification of the pre-existing process. I believed, and still believe, that the record shows that, as the result of the patented process, uncertainty became certainty, and success followed imperfection, and that therefore a change which produced this result was most important. Prior to the invention of the Hyatts it was well known that spirits of camphor dissolved pyroxyline, and it was abundantly used for that purpose; but, as it was used, the product was either soft, or, if mixed with substances whereby it became solid, was unduly heavy and stony. That defective result was changed as a consequence of the Hyatts method of using camphor, and although it is easy to argue

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

that everything that the Hyatts did was known before, and that the modifications which they made in the process of manufacture were trivial, yet the fact still remains that their process was the first that was actually successful in the long attempt to make an article which should be both attractive and useful. Upon this state of facts the law as to patentability can hardly be doubted, because the history of the improvement demonstrates that, from 1855 to 1874, inventive skill of no ordinary character, and of different persons, had been most earnest and persevering in the effort to produce good celluloid.

If the plaintiff's process was of the character which, I think, the record discloses, the defendant cannot escape the charge of infringement by the circumstance that it first abnormally dries the wet pulp, whereas the plaintiff first substantially or comparatively dries it, and then, after the pulp and the camphor have been mixed, expels all the remaining moisture. By such an alteration of an important and valuable process infringement is not avoided.

The application for rehearing is refused.